```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

PRESTON L. SCARBROUGH,          :

    Plaintiff,                  :

vs.                             :
                                    CIVIL ACTION 07-0742-WS-M
MICHAEL J. ASTRUE,              :
Acting Commissioner of
Social Security,                :

    Defendant.                  :

## REPORT AND RECOMMENDATION

Defendant's Motion to Dismiss the Portions of Plaintiff's Complaint Asserting Tort and Constitutional Claims (Doc. 8) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 42 U.S.C. § 405(g).  After consideration, it is recommended that Defendant's motion be granted.

Plaintiff filed this action on October 16, 2007, asserting that the Social Security Administration had denied Supplemental Security Income (hereinafter *SSI*) and "Social Security back pay" (Doc. 1, p. 2).[1]  Scarbrough has also asserted "[f]raud, impairing the obligation of contract, and assault under the Constitution and laws of the United States" (Doc. 1, p. 1).

---

[1] The exact claims made by Scarbrough are somewhat murky.  However, the nature of those claims will be saved for a later date.  The Court's focus, at this time, is Defendant's Motion to Dismiss.

Plaintiff has further asserted that Defendant[2] is "negligent per se in the following:  (a) for impairing the obligation of contracts; (b) for obstruction of court order and justice; (c) for failing to follow established rules regulating judicial proceedings; and (d) for denial of constitutional rights" (Doc. 1, p. 2).

Defendant filed a Motion to Dismiss (Doc. 8), asserting that Plaintiff has failed to exhaust his administrative remedies with regard to the tort claims brought in this action.  Defendant further asserts, with regard to the constitutional claims, that Scarbrough has failed to state a claim upon which relief can be granted; Defendant would have the Court dismiss those claims as well.  Plaintiff has filed a Response to Defendant's Motion (Doc. 12) to which Defendant has Replied (Doc. 14).

When considering a motion to dismiss, the Court accepts as true the non-moving party's allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on

---

[2]Though Plaintiff has spoken of Defendants (Doc. 1, p. 2), he has only named the Commissioner of Social Security.  The Court finds that there is only one Defendant, Michael J. Astrue.

the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991). The Court notes that "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983).

Defendant has directed the Court's attention to 28 U.S.C. § 2675(a) which states as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C.A. § 2675(a). This statute clearly provides that any claim brought against, in this case, the Social Security Administration must be first presented to that Administration.

Though given the opportunity to do so, Scarbrough has failed to demonstrate to this Court that he has brought his tort claims to the Social Security Administration for relief.  In light of that failure, this Court does not have the authority to allow the claims to proceed; they should be dismissed.

The Court further notes that Plaintiff has not specifically made known to this Court—or to Defendant—what Constitutional infirmities he has suffered.  Though the Court has allowed time for Scarbrough to describe the nature of his complaint, he has failed to do so.  Therefore, Plaintiff's assertion of constitutional claims should be dismissed under Fed.R.Civ.P. 12(b)(6).

In summary, in bringing this action, Scarbrough has asserted tort and constitutional claims against the Social Security Administration.  It is recommended that all of those claims be dismissed.

It is noted that Plaintiff's claims for review of the Social Security Administration's denial of disability and SSI benefits are not being dismissed.  Once the District Judge has ruled on this Report, the stay will be lifted and a scheduling order will be entered so that this action can proceed on Plaintiff's remaining claims.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an

attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 5th day of March, 2008.

s/BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE

5