```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION


PRESTON L. SCARBROUGH,          :

     Plaintiff,                 :

vs.                             :
                                    CIVIL ACTION 07-0742-WS-M
MICHAEL J. ASTRUE,              :
Commissioner of
Social Security,                :

     Defendant.                 :
```

## REPORT AND RECOMMENDATION

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of a social security ruling which concerned claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).[1] The action was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on August 25, 2008.[2] Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is recommended that the decision of the Commissioner be affirmed, that this action be dismissed, and that judgment be entered in favor of Defendant Michael J.

---

[1] Disability insurance benefits are sought pursuant to Title II of the Social Security Act; SSI benefits are sought pursuant to Title XVI of the Social Security Act.

[2] Plaintiff has proceeded *pro se* in this action, appeared *pro se* at oral argument and confirmed his desire to continue to represent himself in his claims.

Astrue and against Plaintiff Preston L. Scarbrough.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the most recent administrative hearing, Plaintiff was fifty-four years old, had completed a high school education (*see* Tr. 380A), and had previous work experience as a maintenance supervisor in a shipyard or port facility (*see id.*). Scarbrough filed his first application for disability insurance benefits on August 24, 1982 (Tr. 46-49). On January 3, 1984, the claim was denied (Tr. 57). Scarbrough did not appeal the denial of that claim (*see* Doc. 27, p. 1).

Plaintiff filed a second application for disability benefits and first application for SSI on November 18, 1991 and December 12, 1991, respectively, asserting that he had been disabled as of

November 12, 1982 (Tr. 60-63, 83-86; see Tr. 12).[3]  On September 23, 1993, benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Scarbrough could perform his past relevant work as a maintenance supervisor for a port facility (Tr. 12-20).  On December 14, 1993, the Appeals Council found no basis for changing the ALJ's decision (Tr. 390-91).  Plaintiff filed an action in this Court and, on August 8, 1994, U.S. District Judge Pittman entered an Order which reversed the decision of the Social Security Administration, finding that the ALJ did not properly develop the record with regard to the job requirements of Plaintiff's previous relevant work (Tr. 317-34).  *Scarbrough v. Shalala*, Civil Action 94-0027-P-C (S.D. Ala. August 8, 1994).

On remand, on October 23, 1996, an ALJ, determined that Scarbrough had been disabled since January 4, 1984, the day after his first disability application was denied (Tr. 379-82; see Doc. 27, p. 2).  The ALJ also determined that Plaintiff was disabled, for Title XVI purposes, as of the date of his application (*id.*).  Defendant has described the procedural history of this action following this determination as follows:

> Following the decision, the [Social

___

[3]Transcript pages 83-86 are not available for the Court's inspection (*see* Doc. 24, Exhibit A).

> Security] Agency issued a Notice of Award[4]
> indicating that Plaintiff was not entitled to
> SSI benefits as his resources exceeded the
> maximum allowable for SSI eligibility.  The
> Agency also explained that based upon his
> November 1991 application, his Title II
> benefits would begin in November 1990.
>      After receiving the Notice of Award,
> Plaintiff requested review on the excess
> resource issue.  On February 20, 1998, an ALJ
> issued an unfavorable decision, finding that
> Plaintiff's resources exceeded the allowable
> limits for SSI eligibility.[5]

(Doc. 27, pp. 2-3) (footnotes in original).[6]  Scarbrough filed an action in this Court which was remanded, upon request by Defendant, by U.S. District Judge Vollmer, to the Social Security Administration for further consideration (Tr. 365-66). *Scarbrough v. Apfel*, Civil Action 99-0457-RV-M (S.D. Ala. October 22, 1999).

On the second remand, an ALJ, on October 27, 2000, determined that Scarbrough was not entitled to Title II benefits before November 1990 and that he was not entitled to Title XVI benefits at all since his income, which included Title II benefits, surpassed the allowable income for those benefits (Tr. 368-77).  On February 16, 2005, because the record could not be

---

[4] The Notice of Award was not included in the transcript.

[5] The 1998 decision was not included in the transcript.

[6] The Court notes that although certain documents cited in this passage do not appear in the transcript of this case, the history is consistent with the ALJ's discussion of it in the decision of October 27, 2000 (Tr. 370-71).

located, the Appeals Council, upon request for review, remanded the action back to an ALJ (Tr. 396-97).

On the third remand, an ALJ, on November 15, 2006, reached the following conclusions:  (1) The determination which denied disability benefits on Scarbrough's first application could not be reopened; (2) the ALJ had correctly determined that Plaintiff was entitled to Title II benefits as of November 1990, based on his application date of November 18, 1991; and (3) Scarbrough was not eligible for Title XVI benefits because of excess income (Tr. 303-08).  On review, the Appeals Council found no basis for disturbing the ALJ's decision (Tr. 294-97).

Plaintiff has come, once again, to this Court, and now claims that the opinion of the ALJ is not supported by substantial evidence (Docs. 1, 26).  Specifically, Scarbrough alleges that "the ALJ erred by (1) determining that the date for commencing his Title II payments, arising from his 1996 favorable decision, was correctly calculated; and (2) determining that he was not eligible for Title XVI benefits" (*see* Doc. 27, p. 4).[7] Defendant has responded to—and denies—these claims (Doc. 27).

Scarbrough's first claim is that the ALJ erred in determining that the date for starting his Title II payments was correctly calculated.  The Court notes that, under provisions of

---

[7]At oral argument, the Court specifically asked Plaintiff if there were more than these two issues being raised and Scarbrough stated that there were not.

the Social Security Act, "[a]n individual who would have been entitled to a disability insurance benefit for any month had he filed application therefor before the end of such month shall be entitled to such benefit for such month if such application is filed before the end of the 12th month immediately succeeding such month."  42 U.S.C. § 423(b).  In plain English, this means that Scarbrough could not be awarded benefits more than twelve months before he applied for them.  As Plaintiff applied for disability benefits on November 18, 1991, he could receive benefits, based on this application, no earlier than November 1990.  Scarbrough's claim otherwise is without merit.

Plaintiff next claims that the ALJ erred in determining that he was not eligible for Title XVI benefits.  The Court notes, initially, that the Social Security regulations state that the underlying purpose of Title XVI benefits "is to assure a minimum level of income for people who are . . . disabled and who do not have sufficient income and resources to maintain a standard of living at the established Federal minimum income level."  20 C.F.R. § 416.110 (2008).  To that end, "[a] person's rights to supplemental security income payments—how much he gets and under what conditions—are clearly defined in the law."  20 C.F.R. § 416.110(b).  "[S]ome of an applicant's income is counted toward the eligibility limit."  20 C.F.R. § 416.110(e).  Disability insurance income is counted toward toward the eligibility limit.

*See* 20 C.F.R. § 416.1123.

The ALJ, in the most recent remand determination, compiled a chart showing the amount of monthly income paid to Scarbrough through disability insurance payments and the maximum permissible income allowed to receive Title XVI benefits, dating from 1990 through 2006 (Tr. 307).[8]  The chart clearly demonstrates that the amount Scarbrough received, on a monthly basis, from his Title II benefits exceeded the allowable amount of income to receive Supplemental Security Income.  Plaintiff's claim otherwise is without merit.

Scarbrough has raised two claims in bringing this action.  Both have been found to be without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is recommended that the Secretary's decision be affirmed, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), that this action be dismissed, and that judgment be entered in favor of Defendant Michael J. Astrue and against Plaintiff Preston L. Scarbrough.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

---

[8]The Court will not duplicate the chart herein.

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27th day of August, 2008.

                                              s/BERT W. MILLING, JR.
                                              UNITED STATES MAGISTRATE JUDGE